IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PATRICIA J. KIRK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-316-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Sharon D. Maynard
BENNETT HARTMAN MORRIS & KAPLAN, LLP
111 S.W. Fifth Avenue, Suite 1650
Portland, OR 97204-3627

  Attorney for Plaintiff

Leisa A. Wolf
Michael S. Howard
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

   Attorneys for Defendant

JONES, Judge:

     Claimant Patricia Kirk seeks judicial review of a final decision of the Commissioner of

Social Security denying her application for Supplemental Security Income benefits ("SSI"). This

court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g),

1383(c)(3). Following a careful review of the record, the court concludes that the case must be

remanded for an award of benefits.

ADMINISTRATIVE HISTORY

     Claimant protectively filed an application for SSI on June 15, 2005, alleging an inability

to work since July 1, 2003. The application was denied initially and on reconsideration.

Claimant timely filed a request for a hearing. At the hearing held before the Administrative Law

Judge ("ALJ") on May 28, 2006, claimant, represented by counsel, appeared and testified. The

ALJ allowed a continuance to complete the record, and at a supplemental hearing on August 20,

2008, a vocational expert ("VE") appeared and testified. The ALJ issued a decision on

September 3, 2008, denying claimant's application. The ALJ's decision became the final decision

of the Commissioner on January 22, 2009, when the Appeals Council declined claimant's request

for review.

2 - OPINION AND ORDER

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylizki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating claimant's disability, as required. See 20 C.F.R. § 416.920(a). In the first step of the evaluation, the ALJ found that claimant had not engaged in substantial gainful activity since June 14, 2005, her application date. Second, the ALJ found that claimant has no medically determinable severe physical impairments, but does have severe mental impairments in the form of "bipolar affective disorder and polysubstance dependence in remission" that cause more than a minimal limitation in her ability to perform basic work activities. Tr. 10. Third, the ALJ determined that claimant's impairments do not meet or medically equal any impairment in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P., App. 1. Tr. 10.

At the fourth step of the evaluation, the ALJ determined that claimant retains the following residual functional capacity:

> [To] perform a full range of work at all exertional levels but with the
> following nonexertional limitations:  she will have moderate limitations in her
> ability to interact appropriately with the general public, mild limitations in her
> ability to interact appropriately with her supervisors and co-workers, and mild
> limitations in her ability to respond appropriately to usual work situations and
> changes in a routine work setting.

Tr. 11.  In making that determination, the ALJ found that although claimant had an underlying

medical condition that could reasonably result in the symptoms she alleged, "claimant's

allegations as to the intensity, persistence, and limiting effects of her symptoms are

disproportionate and not supported by the objective medical findings or by any other

corroborating evidence."  Tr. 13.  Consequently, the ALJ discounted claimant's subjective

complaints as not "sufficiently credible to serve as additional evidence to support a finding of

disability."  Tr. 14.

The ALJ next determined, based on the VE's testimony, that claimant was able to

perform her past relevant work as a truck driver.  At the fifth step of the evaluation, the ALJ

found, again based on the VE's testimony, that even if claimant was unable to return to her past

relevant work, "she is capable of making a successful adjustment to work that exists in

significant numbers in the national economy."  Tr. 16.  Consequently, the ALJ found that

claimant was not disabled at any time from June 14, 2005, the date of her application, through

the date of his decision.

## STATEMENT OF FACTS

Claimant describes herself as "a 64 year old transgendered woman with minimal work

history who suffers from severe mental illness."  Plaintiff's Opening Brief, p. 1.  That description

is substantiated by the record.  The parties are familiar with the medical and other evidence of

record.  I will therefore not repeat the evidence except as necessary to explain my opinion.

DISCUSSION

Claimant makes several arguments in favor of reversal and remand.  These are:  (1) the

ALJ improperly rejected evidence from claimant's examining psychologists, James Powell,

Psy.D., Arthur Wiens, Ph.D, Reed Mueller, Ph.D., and Donna Wicher, Ph.D.; and (2) the ALJ

improperly discredited claimant's testimony.

After careful consideration of the record, I conclude that the case must be remanded.  The

ALJ failed to properly address the opinions of Dr. Powell, who examined claimant in December

2005.  Dr. Powell completed a Mental Residual Function Capacity Report in which he rated

claimant as "moderately limited" in six categories, and "markedly limited" in four categories.

Exhibit 6F, Tr. 269-270.  Dr. Powell opined that:

> based upon [claimant's] presentation, behavioral observations and mental status
> and psychological symptoms that she has identified, it will likely take at least a
> period of 12 months for Ms. Kirk to be able to maintain employment. * * * The
> prognosis for her being able to maintain employment in the future is considered to
> be guarded at this time, in light of her age and the longstanding presence of
> various psychological symptoms and features.  In this examiner's opinion, she
> would likely become rather quickly disengaged from work activity at this time
> when confronted with having to maintain a routine over an extended period of
> time and when possibly confronted with stressful situations.

Tr. 267.  The ALJ rejected Dr. Powell's opinions, stating only that "Dr. Powell's report contains

observations that are not consistent with his medical opinion.  In this case, the claimant's reported

activities of daily living are clearly not "markedly" limited.  For this reason, I give Dr. Powell's

report only minimum weight."  Tr. 14-15.

The Commissioner argues that the above analysis is sufficient and supported by the evidence, but I agree with claimant that the ALJ's rejection of all of the limitations Dr. Powell identified with one conclusory reason does not pass muster under Ninth Circuit precedent. See, e.g., Regennitter v. Commissioner of Social Security Admin., 166 F.3d 1294, 1299 (9th Cir. 1999). Even assuming the ALJ *might* have had proper reasons for rejecting all of Dr. Powell's assessment, he failed to articulate those reasons consistent with Ninth Circuit standards. Consequently, the ALJ's decision must be reversed and remanded.

The question thus becomes whether to remand for further proceedings or for an immediate award of benefits. The Commissioner contends that if the court finds that the ALJ committed reversible error, this court should decline to apply the "credit as true" doctrine. That doctrine, first adopted by the Ninth Circuit in Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988), has been the subject of some disagreement in the Ninth Circuit as to whether it is mandatory or discretionary. See, e.g., Vasquez v. Astrue, 572 F.3d 586, 593-95 (9th Cir. 2009). But even under the line of cases holding that the "credit as true" rule is discretionary, Ninth Circuit precedent holds that where no further proceedings are necessary to make a disability determination, it is an abuse of discretion to remand for further proceedings. See Benecke v. Barnhart, 379 F.3d 587, 596 (9th Cir. 2004).

In this case, the ALJ added facts mirroring Dr. Powell's discredited opinions to the hypothetical questions posed to the VE. Tr. 36-37. The VE responded, in essence, that those limitations would preclude claimant from any gainful occupation. With that testimony, the ALJ

would be required to find claimant disabled.  <u>See</u> <u>Benecke</u>, 379 F.3d at 593-94.  Consequently, this case must be remanded for an immediate award of benefits.[1]

The record in this case compels the court to express amazement that the ALJ could have found that this 64 year old transgendered woman with a minimal work history does not suffer from mental illness severe enough to make her unfit for any employment.  The record reveals a claimant that has been in and out of touch with reality; for example, she claims that 10,000 years ago in her past, she was eaten by a lion, and that in the 1400s, she was burned at the stake as a witch.  Tr. 365.  She is delusional and has at times experienced suicidal ideation.  She has had only one friend, a roommate who is now deceased, in 20 years.  She washes and shops only occasionally.  Her longest term "job" was working as a prostitute off and on for 25 years.  For a about one year, she drove an 18,000 pound commercial truck, a job she quit because she was worried about hallucinating.  Tr. 62-63.  Considering this record, society should be relieved that claimant will not be out on the road behind the wheel of an 18,000 pound truck, but rather can stay at home and deal with her incapacitating severe mental illness.

---

[1]     Because of this disposition, I do not reach claimant's other arguments.

7 - OPINION AND ORDER

CONCLUSION

The Commissioner's decision denying benefits is REVERSED and the case is

REMANDED to the Commissioner under sentence four of 42 U.S.C. § 405(g)  for an immediate

award of benefits.  Any other pending motions are denied as moot.

DATED this 22nd day of April, 2010.


    /s/ Robert E. Jones                                 
ROBERT E. JONES
U.S. District Judge